UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOLA OBANYA,

                Plaintiff,

-against-

SELECT PORTFOLIO SERVICING, INC.,
and MERSCORP HOLDINGS INC. F/K/A/
MERS/MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

**14-CV-5255 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 5, 2014, Plaintiff Bola Obanya initiated this action against Defendants Select Portfolio Servicing, Inc. ("SPS") and MERSCORP Holdings Inc. ("MERSCORP") (collectively "Defendants"), alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1962-1968, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and state law, specifically New York Executive Law § 62(12) and the New York Real Property Law ("NYRPL"), Article 9. (Compl. (Dkt. 1).) On October 6, 2014, Defendants requested a pre-motion conference in anticipation of filing a motion to dismiss. (Oct. 6, 2014, Ltr. (Dkt. 8).) The court denied the request for a pre-motion conference and instead granted Defendants permission to file a motion to dismiss. (Oct. 8, 2014, Order (Dkt. 9).) On November 7, 2014, Defendants moved to dismiss the Complaint in its entirety. (Mot. to Dismiss (Dkt. 11).) On April 14, 2015, the court referred the motion to Magistrate Judge Lois Bloom for a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 7, 2015, Order (Dkt. 18).) On August 28, 2015, Judge Bloom issued an R&R recommending that the court grant

1

Defendants' motion to dismiss and grant Plaintiff thirty (30) days to amend the Complaint. (R&R (Dkt. 19) at 16.) On September 9, 2015, Plaintiff filed an objection to the R&R. (Obj. to R&R (Dkt. 20).) Defendants have not responded.

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Where a pro se party objects to an R&R, "the court reads his objections 'liberally and will interpret them to raise the strongest arguments that they suggest.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 398 (E.D.N.Y. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, a court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." Molina v. New York, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

Here, Obanya does not specifically object to any portion of the R&R. (See Obj. to R&R at 1.) Such an objection does not merit de novo review. See Pall Corp., 249 F.R.D. at 51 (performing clear error review where "[Plaintiff] fail[ed] to make any specific objections to the ultimate recommendations made by [the Magistrate Judge]."); Gutman v. Klein, No. 03-CV-1570 (BMC), 2008 WL 5084182, at *1 (E.D.N.Y. Dec. 2, 2008) (performing clear error review where the objection "contains no specific challenges to the Recommendation"). Accordingly, the court reviews for clear error and finds none.

Therefore, Obanya's Complaint is DISMISSED in its entirety. However, Obanya will be granted until November 6, 2015, to amend her Complaint.

It appears that Obanya's objection includes an attempt to amend the Complaint. (See Obj. to R&R at 2-37.) Should Obanya choose to further amend the Complaint, she is instructed to do so by November 6, 2015.[1] Should Obanya not file a new amended complaint by November 6, 2015, the court will construe Obanya's objection as the amended complaint. On the earlier of (a) fourteen (14) days after the filing of a new amended complaint or (b) November 23, 2015, Defendants are instructed to either answer the amended Complaint or request a pre-motion conference in anticipation of a renewed motion to dismiss.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2015

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Plaintiff is advised that a new Amended Complaint will completely replace both the original Complaint and the Amended Complaint appended to the objection. Therefore, any new amendment must include all the claims Obanya intends to pursue against all Defendants.

3