UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BOLA OBANYA,

                        Plaintiff,

-against-

SELECT PORTFOLIO SERVICING, INC., and
MERSCORP HOLDINGS INC., f/k/a MERS/
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS,

                        Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-5255 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Bola Obanya brings this action pro se against Defendants Select Portfolio Servicing, Inc. ("SPS"), and MERSCORP Holdings Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, New York Executive Law § 63(12), and New York Real Property Law ("NYRPL") Article 9, in connection with Plaintiff's mortgage. (See 2d Am. Compl. (Dkt. 23).) Plaintiff also seeks to quiet title on the property. (See id. at 9-10.) Before the court is an August 23, 2016, Report & Recommendation ("R&R") from Magistrate Judge Lois Bloom recommending that this action be dismissed with prejudice. (R&R (Dkt. 35).) Plaintiff filed timely objections. (See Pl.'s Obj. (Dkt. 36).) For the reasons stated below, Plaintiff's objections are OVERRULED, Judge Bloom's R&R is ADOPTED IN FULL, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action on September 8, 2014. (Compl. (Dkt. 1).) Defendants moved to dismiss. (Mot. to Dismiss (Dkt. 11).) The court referred Defendants' motion to Judge

1

Bloom for an R&R (the "Initial R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order Referring Mot. (Dkt. 18).) Judge Bloom's Initial R&R identified various defects in the Complaint. (Aug. 28, 2015, R&R (Dkt. 19).) Plaintiff filed objections, which the court construed as "an attempt to amend the Complaint." (Sept. 30, 2015, Order (Dkt. 22) at 3.) The court adopted Judge Bloom's recommendation to dismiss the Complaint without prejudice, and to allow Plaintiff an opportunity to formally amend her pleadings. (Id.)

Plaintiff filed the Second Amended Complaint on October 26, 2015. (2d Am. Compl.) Defendants once again moved to dismiss all claims. (See Nov. 9, 2015, Ltr. (Dkt. 24); Nov. 24, 2015, Order ("[D]efendants' . . . letter is deemed to constitute their motion to dismiss plaintiff's amended complaint.").) The court once again referred Defendants' motion to Judge Bloom for an R&R. (Nov. 12, 2015, Order (Dkt. 25).) Plaintiff submitted a letter opposing dismissal (Pl.'s Resp. (Dkt. 28)), and further elaborated upon her opposition at a January 21, 2016, conference (the "Status Conference") before Judge Bloom (see Status Conf. Tr. (Dkt. 33)).

**B. Judge Bloom's R&R**

On August 23, 2016, Judge Bloom issued an R&R recommending dismissal of all claims. (R&R.) Specifically, Judge Bloom recommended that:

(1) Plaintiff's FDCPA claims should be dismissed because Plaintiff fails to establish that any Defendant is a "debt collector" within the meaning of the FDCPA, and, in any event, fails to properly allege any actionable FDCPA violation (id. at 5-8);

(2) Plaintiff's New York Executive Law claim should be dismissed for lack of standing (id. at 8);

(3) Plaintiff's NYRPL claim should be dismissed because it is foreclosed by clear New York precedent (id. at 8-9 (citing Matter of MERSCORP, Inc. v. Romaine, 861 N.E.2d 81 (N.Y. 2006)));

(4) Plaintiff lacks standing to seek quiet title or other declaratory relief (id. at 9-10); and

2

(5) The court should dismiss the Second Amended Complaint with prejudice because Plaintiff has already been given an opportunity to amend her pleadings and nonetheless failed to remedy errors previously identified by the court (id. at 10).

## II. DISCUSSION

### A. Review of an R&R

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district court 'may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.'" Locurto v. United States, No. 10-CV-4589 (NGG) (JO), 2016 WL 4257550, at *2 (E.D.N.Y. Aug. 12, 2016) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

The court shall review de novo any portions of the R&R to which a party timely objected. 28 U.S.C. § 636(b)(1). If, however, "a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Locurto, 2016 WL 4257550, at *2 (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). In addition, "courts 'ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.'" Id. (quoting Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F. App'x 34 (2d Cir. 2009) (summary order)).

At the same time, "the court must 'liberally construe [filings] submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" Moore v. Newton, No. 14-CV-6473 (MKB) (CLP), 2016 WL 7011476, at *5 (E.D.N.Y. Dec. 1, 2016) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).

### B. Plaintiff's Objections

Plaintiff asserts three objections, all of them directed at Judge Bloom's recommendations with regard to the FDCPA claims. The court finds all three objections to be without merit, and adopts Judge Bloom's reasoning in full.

Plaintiff first accuses Judge Bloom of improperly "mak[ing] a ruling in favor of" Defendants at the Status Conference by "stat[ing] without any iota of doubt that [Defendants'] failure to validate a debt does not constitute illegality" and that any such failure "only attracts a $1,000 fine" without invalidating the underlying debt. (Pl.'s Obj. at 2.) Plaintiff has misinterpreted Judge Bloom's remarks. At the Status Conference, Judge Bloom merely explained the consequences that would apply under the FDCPA to various examples of hypothetical misconduct. (See Status Conf. Tr. 40:12-17, 42:11-43:5.) This objection is overruled.

Plaintiff next objects to Judge Bloom's recommended finding that Plaintiff has failed to establish that either Defendant constitutes a "debt collector" under the FDCPA. (Pl.'s Obj. at 2.) Plaintiff alleges, apparently for the first time, that Defendant SPS has used a recorded phone message that states: "[W]e are debt collectors and this is an attempt to collect a debt . . . ." (Id.) As a preliminary matter, the court is disinclined to consider factual allegations that appear for the first time in a party's objections to an R&R, see Locurto, 2016 WL 4257550, at *2, particularly when the party has already been granted an opportunity to amend its prior filings. Even if Plaintiff's allegation is true, however, a recorded message representing that SPS is collecting on a debt does not, standing alone, qualify SPS as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). This objection is overruled.

Finally, Plaintiff states that Defendants failed to respond to a debt validation request in "gross violation of plaintiff's FDCPA rights," and that "the only reasonable conclusion within

4

the law is that the so called debt did not exist." (Pl.'s Obj. at 2-3.) Plaintiff has previously referenced this alleged validation request, initially without offering any details as to when, or to whom, it was sent (see 2d Am. Compl. ¶ 9); then stating that it was sent in August 2015, after this action was initiated (Pl.'s Resp. at 1); and ultimately alleging that Plaintiff sent the request to SPS in July 2014 (Status Conf. Tr. 37:17-18). As Judge Bloom points out in the R&R, however, Plaintiff does not allege sufficient facts to support a violation of 15 U.S.C. § 1692g. (R&R at 6-7.) In any event, Section 1692g is only actionable against a "debt collector" under the FDCPA and, as discussed above, Plaintiff has failed to establish that either Defendant falls within that category. This objection is overruled.

### C. Portions of the R&R that Received No Objections

Neither party has objected to the R&R's discussion of Plaintiff's state-law claims. The court therefore reviews those portions of the R&R for clear error. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); see also Colon v. Sheahan, No. 13-CV-6744, 2016 WL 3926443, at *3 (S.D.N.Y. July 14, 2016); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); cf. 28 U.S.C. § 636(b)(1). The court finds no clear error.

## III. CONCLUSION

For the reasons stated above, the court OVERRULES Plaintiff's objections (Dkt. 36) and ADOPTS IN FULL Judge Bloom's R&R. Accordingly, Defendants' motion to dismiss (Dkt. 24) is GRANTED and the case is DISMISSED WITH PREJUDICE. Defendants are DIRECTED to send Plaintiff copies of the note underlying Plaintiff's mortgage, along with any other material

documents, to ensure that Plaintiff has a full and accurate record of her mortgage obligations.[1]

The Clerk of Court is respectfully DIRECTED to close the case, and to mail a copy of this order to pro se Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] At the Status Conference, Plaintiff's husband explained that their family seeks to replace copies of mortgage documents that were lost due to Hurricane Sandy. (Status Conf. Tr. 18:18-24, 22:13-23:1.) Defendants represented that they could produce a copy of the note underlying Plaintiff's mortgage. (Id. 25:2-7.)